An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARC AYUSTE,
Appellant,
vs.
VICTOR ESQUIVEL, AN INDIVIDUAL;
AND 702 CITY REALTY, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondents.

No. 57945

**FILED**

JUL 3 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court judgment in a contract action. Eighth Judicial District Court, Clark County; Allan R. Earl, Judge.

Appellant was employed by respondents as a real estate agent, wherein he would receive a portion of the commissions earned on the transactions on which he served as agent. In December 2007, upon appellant's request, appellant and respondents terminated the employment contract effective immediately. At that time, appellant was the buyer's agent on three real estate transactions that were under contract but had not yet closed escrow. After the three transactions closed escrow and the commissions were sent to respondents' office, respondents, citing the language of the employment contract, refused to give appellant any portion of the commissions. Appellant filed a complaint against respondents alleging, among other things, breach of contract. Respondents filed similar counterclaims against appellant. At trial, the district court determined that appellant was not entitled to commissions for any of the three transactions because he had failed to give 30-days notice before terminating his employment and because the transactions

SUPREME COURT
OF
NEVADA

(O) 1947A

13-22399

were "negotiations in progress" at the time the employment agreement was terminated, and appellant had not taken adequate steps to enter into a post-termination compensation agreement as required by the contract. Additionally, the district court rejected respondents' counterclaims and found that neither party was entitled to relief on the complaint and counterclaims filed therein. Appellant then filed this appeal from the district court's rejection of his claims.

On appeal, appellant argues that the district court misinterpreted the employment contract by finding that the three transactions at issue were "negotiations in progress" under paragraph 11.b of the contract instead of "accrued commissions" under paragraph 11.a, and erred by conditioning the commissions upon compliance with paragraph 11.a's notice requirement. In response, respondents argue that the district court correctly determined that the transactions were "negotiations in progress," and therefore, appellant was not entitled to commissions because he had not established a post-termination agreement regarding their distribution and that appellant had breached the contract so as to preclude receipt of the commissions.

The interpretation of a contract is a question of law that this court reviews de novo. *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 486, 117 P.3d 219, 223 (2005). Having reviewed the parties' briefs and the appellate record, we conclude that errors in the district court's decision warrant reversal and remand. First, to the extent that the district court found that the application of paragraph 11.a, which dealt with accrued commissions, was contingent upon either party giving 30-days written notice before terminating the agreement, this determination was in error. The record and appellate briefing

demonstrate that the parties mutually agreed to terminate the employment agreement effective immediately, and on appeal, neither party argues that the absence of 30-days notice removed the transactions from the parameters of paragraph 11.a. In addition, while paragraph 11.a references "the rights of the parties to any commissions which accrued" prior to notice of termination, the contract fails to define the term "accrued" or delineate when such an accrual occurs.

Second, the district court erred in determining that the three transactions at issue were "negotiations in progress" at the time appellant's employment ended because the transactions had not yet closed escrow, and thus, paragraph 11.b applied to preclude appellant's receipt of commissions, without considering the full language of the contract provision. Both the district court and the parties focus their assessment and interpretation of this provision on the phrase "negotiations in progress," but this is not the actual language used in the contract, which instead uses the phrase "negotiations in process." Moreover, this "negotiations in process" language is merely the title for paragraph 11.b, and while the district court and the parties address and interpret this title, albeit with the incorrect phrasing noted above, they fail to address or apply the actual language of the pertinent portion of this paragraph, which states that the section applies to "all negotiations commenced . . . during the term of this agreement." On remand, the district court should take into consideration the language of the provision in its entirety when determining whether the provision applies to the transactions at issue.

Third, and finally, the district court failed to address respondents' contention that appellant's failure to timely turn in the files for the three transactions was a breach of the employment contract, so as

to preclude the receipt of any commissions on those transactions. Because the district court relied on contractual language, that the parties agree no longer applied, while failing to fully interpret the actual language of the contract and to fully address the issues raised by the parties, we conclude that the district court's decision should be reversed with this matter remanded to the district court for further proceedings consistent with this order.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Allan R. Earl, District Judge
       Eva Garcia-Mendoza, Settlement Judge
       Reade & Associates
       Prokopius & Beasley
       Eighth District Court Clerk